Martin HERNANDEZ–BAEZ; Antonia
Hernandez, Petitioners,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 06–75482.

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2009.*

Filed April 20, 2009.

Martin Hernandez–Baez, Wilmington, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Abundez–Chavez's request for oral argument is denied.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Antonia Hernandez, Wilmington, CA, pro se.

Quynh Bain, Esquire, OIL, Briena Strippoli, Esquire, Trial, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

### MEMORANDUM **

Martin Hernandez–Baez and Antonia Hernandez, spouses and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and we review de novo due process claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying as untimely and numerically barred Petitioners' motion to reopen because the successive motion was filed more than two years after the BIA's February 17, 2004 order dismissing Petitioners' underlying appeal, and Petitioners failed to demonstrate they qualified for an exception to the time limit or for equitable tolling. *See* 8 C.F.R. §§ 1003.2(c)(2)(3); *Itur-*

*ribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003). It follows that Petitioners have not shown a due process violation. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

We lack jurisdiction to review the BIA's decision not to invoke its *sua sponte* authority to reopen proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

